IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY RANSOM SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:12cv1123-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.    INTRODUCTION**

Plaintiff, Johnny Ransom Smith, applied for supplemental security income benefits in December of 2007, as a minor. His application was denied at the administrative level by the Administrative Law Judge ("ALJ"), but was later remanded by Appeals Counsel for further consideration. During this time, Plaintiff filed additional applications for benefits. The Appeals Counsel vacated an award of benefits on one of Plaintiff's applications and remanded and consolidated all of Plaintiff's applications. The ALJ held a hearing on the consolidated cases and then issued a decision in which he found Plaintiff "not disabled." Plaintiff then sought review from the Appeals Council, but that request was rejected. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social

F.2d 129, 131 (11th Cir. 1986).

The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 16); Def.'s Consent to Jurisdiction (Doc. 15). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Because Plaintiff filed his initial application before the age of 18 and attained the age of 18 prior to the date of the ALJ's decision, the ALJ first evaluated Plaintiff's claims under the "adolescent" standard, then applied those findings to the adult standard.

### A.   *Adolescent Standard*

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 includes the standard for defining child disability under the Social Security Act. *See* PUB. L. NO. 104-193, 110 Stat. 2105, 2188 (1996). The statute provides that an individual under 18 shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or

---

Security matters were transferred to the Commissioner of Social Security.

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1999).

The sequential analysis for determining whether a child claimant is disabled is as follows:

> 1. If the claimant is engaged in substantial gainful activity, he is not disabled.
>
> 2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, he is not disabled.
>
> 3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

> In determining whether an impairment functionally equals a listed impairment, the ALJ must consider the child's ability to function in six different "domains": (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) "caring for yourself;" and (6) health and physical well-being. If the child has "marked" limitations in two of these domains, or an "extreme" limitation in any one domain, then his impairment functionally equals the listed impairments, and he will be found to be disabled. A "marked" limitation is one that seriously interferes with the child's ability to initiate, sustain, or complete activities. An extreme limitation is one that "very seriously" interferes with the child's ability to initiate, sustain, or complete activities.

*Coleman ex rel. J.K.C. v. Comm'r of Soc. Sec.*, 454 F. App'x 751, 752 (11th Cir. 2011) (internal citations omitted).

The Commissioner's regulations provide that if a child's impairment or impairments are not medically equal, or functionally equivalent in severity to a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d)(2) (1997). In reviewing the Commissioner's decision, the court asks only whether the ALJ's findings concerning the steps are supported by substantial evidence. "Under this limited standard of review, [the court] may not make fact-findings, re-weigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Bryant v. Soc. Sec. Admin.*, 478 F. App'x 644, 645 (11th Cir. 2012) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Where substantial evidence supporting the ALJ's fact findings exists, [the court] cannot overturn those findings even if other substantial evidence exists that is contrary to the ALJ's findings." *Id.* (citing *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991)).

### *B.   Adult Standard*

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was a minor at the time he filed his application and reached the age of 18 prior to the ALJ's decision. Tr. 26. Plaintiff graduated high school, but had no relevant work experience. Tr. 36. Following the administrative hearing, and employing the three-step adolescent and five-step adult process,[5] the ALJ found that Plaintiff "has not engaged in substantial gainful activity since the date the application was filed." (Step 1) Tr. 19. At Step 2, the ALJ found that Plaintiff suffered from the following severe impairments: "attention deficit hyperactivity disorder (ADHD), mood disorder, depression, substance abuse disorder, and hearing loss." *Id*. The ALJ also found that since attaining the age 18, Plaintiff had not developed any new impairments. Tr. 34. At

---

[5]  As detailed above, the first three steps of the adolescent process are the same as the first three

Step 3, the ALJ found that prior to, and since attaining the age 18, Plaintiff's impairments, impairment or combination of impairments did not meet or medically equal any listed impairment. Tr. 25-35. Next, the ALJ found that Plaintiff retained the RFC to perform work at all evectional levels, but with several nonexertional limitations. Tr. 12. At Step 5, the ALJ found that, "[s]ince attaining the age 18 and [c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "that jobs have existed in significant numbers in the national economy that the claimant has been able to perform." Tr. 36. The ALJ identified the following occupations as examples: "golf range attendant," "poultry boner," and "cleaner." Tr. 37. Accordingly, the ALJ determined that Plaintiff had not been disabled prior to or since attaining the age of 18. Tr. 37-38.

## IV.   PLAINTIFF'S CLAIM

Plaintiff requests the court reverse the ALJ's decision because "The ALJ erred when he failed to find that Plaintiff is medically equivalent to Commissioner's Listing 12.04 and 112.04 prior to age 18." Pl.'s Br. (Doc. 10) at 5.

## V.   DISCUSSION

Plaintiff alleges that the ALJ erred in making the Step 3 determination—whether Plaintiff's impairments meet or equal a Listing. It is important to note that the burden at Step 3 remains with Plaintiff and that to meet a listing, Plaintiff "must present medical

---

steps of the adult process.

findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original).

In support of his claim, Plaintiff merely relists listing 12.04, and then asserts that "Dr. Stephen Brandt, J. Walter Jacobs, psychiatrist, Eyob Tessema, M.D., psychiatrist, Jerlyn C. McLeod, therapist Kim Jaggars, M. S., L.P.C., and State Agency medical examiner Eugene E. Fleece, Ph.D. all agreed that the Plaintiff had severe mental illness and document various parts of Listing §12.04." Pl.'s Br. (Doc. 10) at 7. There are many problems with this argument. First, this is simply inadequate. Plaintiff appears to expect the court to find which records from which doctors match which elements of the listings, and from that, piece together a finding that Plaintiff has met all criteria of the Listing. As stated above, the burden remains with Plaintiff at this point. Moreover, Listing 12.04 is an adult listing and most of the records from the aforementioned doctors relate to Plaintiff's adolescent time period.

Second, Plaintiff appears to argue that the ALJ rejected the opinions of the aforementioned doctors, and instead relied on non-examining Dr. Davis, who opined that Plaintiff did not meet the Listings. That is not the case. The ALJ did reject the opinion of Dr. Fleece, a non-examining physician, and instead, relied on the opinion of Dr. Davis. However, none of the other doctors, including the treating physicians, opined that Plaintiff met any of the Listings. While those doctors certainly opined as to limitations Plaintiff may suffer, nothing in the record indicates that Plaintiff met all of the criteria of

a Listing. This must be why Plaintiff fails to point the court to *any* evidence in support of his claim, and why he hedges his arguments in support by stating that the "numerous medical sources *appeared* to be in agreement." Pl.'s Br. (Doc. 10) at 5 (emphasis added). There is not an appearance of agreement when those other physicians did not opine as to the Listings. Thus, the ALJ did not reject the opinions of those other doctors. Instead, he relied on them in formulating the RFC, and there was no error.

The court will not suppose any further arguments on Plaintiff's behalf, especially here, where the burden squarely lies with Plaintiff to show that he met all elements required of a Listing. Despite the deficiencies of Plaintiff's arguments, the court has undertaken an review of the ALJ's decision and all of the evidence of record, and finds that the ALJ's decision is supported by substantial evidence. Accordingly the court will not disturb it.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 13th day of February, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE